UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
BEVERLY KAYE GRAHAM ORR, Individually
And as Executrix of the Estate of Robin Orr,
      Plaintiff,

 -against-              17 **CIVIL** 1288 (DLC)

                 **JUDGMENT**

BRISTOL-MYERS SQUIBB COMPANY and
PFIZER INC.,
      Defendants.
------------------------------------------------------------X
CATHERINE B. GIBBONS, Individually and as
Executrix of the Estate of MARGARET D.
STRONG,
       Plaintiff,

 -against-              17 **CIVIL** 3318 (DLC)

                 **JUDGMENT**

BRISTOL-MYERS SQUIBB COMPANY and
PFIZER INC.,
      Defendants.
------------------------------------------------------------X
SHERRY A. SELIGA,
       Plaintiff,

 -against-              17 **CIVIL** 3320 (DLC)

                 **JUDGMENT**

BRISTOL-MYERS SQUIBB COMPANY and
PFIZER INC.,
      Defendants.
------------------------------------------------------------X

  On May 9, 2017, the plaintiffs in the above-captioned actions were given the opportunity to filed amended complaints by May 23, and were required to show cause why their complaints should not be dismissed based on the analysis in Utts v. Bristol-Myers Squibb Co. & Pfizer Inc., 16cv5668 (DLC), 2017 WL 1906875 (S.D.N.Y. May 8, 2017); while the plaintiffs timely filed responses to the May 9 Order to Show Cause, they did not file amended complaints; On July 26,

2017, an opinion was issued in <u>Fortner v. Bristol-Myers Squibb Co. & Pfizer, Inc.</u>, 17 cv 1562 (DLC), dismissing its amended complaint with prejudice; the background section of the plaintiffs' complaints are briefer but do not materially differ from the <u>Fortner</u> amended complaint; the principal differences between these complaint are: first, the above-captioned actions involve Texas plaintiffs whose claims are brought under Texas law, while <u>Fortner</u> brought claims under Tennessee law; and second, the above-captioned actions asset only five causes of action: (1) strict liability – design defect and failure to warn; (2) negligence; (3) gross negligence; (4) fraud/fraudulent concealment; and (5) breach of warranties; the negligence, gross negligence, and fraud/fraudulent concealment claims repeat, word for word, those dismissed in <u>Utts II</u>; in addition, the strict liability and breach pf warranties claims contain many of the same alleagations – albeit less detailed – as those dismissed in <u>Fortner</u>, and the matter having come before the Honorable Denise Cote, United States District Judge, and the Court, on July 26, 2017, having rendered its Order for the reasons set forth in <u>Utts II</u> and <u>Fortner</u> Opinions, dismissing these actions with prejudice, denying the motions for remand for the reasons given in <u>Fortner</u>, also for the reasons explained in <u>Fortner</u> the plaintiffs' failure to warn claims are preempted by federal law, dismissing the plaintiffs' failure to warn claims, for a second, independent reason, they are preempted under Texas law, also dismissing those claims that are addressed to the adequacy of the Eliquis label's warnings, for a third, independent reason, dismissing the above-captioned complaints with prejudice. and ordering the Clerk o Court to enter judgment for the defendants and close the above-captioned cases, it is,

**ORDERED, ADJUDGED AND DECREED:** That for the reasons stated in the Court's Order dated July 25, 2017, and for the reasons set forth in the <u>Utts</u> II and <u>Fortner</u> Opinions, that the above-captioned complaints are dismissed with prejudice, and judgment is

entered for the defendants; accordingly, the above-captioned cases are closed. .

**Dated:** New York, New York
July 27, 2017

RUBY J. KRAJICK
Clerk of Court

BY: _____
Deputy Clerk

THIS DOCUMENT WAS ENTERED
ON THE DOCKET ON 7/27/2017